Opinion by
MR. JUSTICE KELLEY.
This is an appeal by the district attorney from Judge Roscoe Pile’s judgment dismissing an information against Fred R. Weaver and Dee Anne Weaver, defendants. C.R.S. 1963, 39-7-26(2).
On August 30, 1971, a two count direct information charging the defendants with possession and sale of narcotic drugs was filed in the district court of Jefferson County. Crim. P. 7(b)(3). On October 4, 1971, a preliminary hearing was held at which the court found that probable cause exists to believe that the offenses charged in the information had been committed by the defendants. Crim. P. 7(g).
On January 28, 1972, the defendants filed a motion to dismiss the information on the ground that the court lacked jurisdiction over the defendants, alleging that:
“. . . the information filed in the above-captioned matter is verified by one Newton Smith who, upon best information and belief, at the time of verifying said information did not have personal knowledge on the matters alleged in the information, all in violation of Rule 7 of the Colorado Rules of Criminal Procedure, .. .”
The trial court granted the motion to dismiss. The district attorney brings this appeal challenging that judgment. For the reasons hereinafter set forth, we reverse the trial court’s ruling.
*223 The purpose behind requiring personal knowledge of the affiant in a direct information is to assure that there is probable cause to initiate the criminal proceeding. It is intended to safeguard the rights of innocent citizens. The preliminary hearing is also a screening device to determine whether probable cause exists. Here the defendants exercised their rights to a preliminary hearing and had the issue of probable cause determined against them by direct evidence which would be sufficient to satisfy the requirements of Crim. P. 7(b)(3). The evidence adduced at the preliminary hearing cures the defect in the affidavit. The direct evidence of probable cause renders the issue of personal knowledge of the affiant on the information moot.
The judgment of the trial court is reversed and the cause is remanded with directions to reinstate the information and for further proceedings not inconsistent with the views expressed herein.
MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE ERICKSON concur.